UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CATHERINE PHYLLIS CONTINO,

      Plaintiff,

v.                                    Case No. 3:17-cv-269-J-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Catherine Phyllis Contino, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

**I. Social Security Act Eligibility, Procedural History, Standard of Review, and ALJ's Findings**

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must

be severe, making Plaintiff unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

### A.     Procedural History

On April 26, 2013, Plaintiff filed an application for a period of disability and DIB alleging a disability onset date of October 12, 2012. (Tr. 164-66). Plaintiff's application was denied initially on June 5, 2013, and upon reconsideration on August 23, 2013. (Tr. 93-97, 103-07). Plaintiff requested a hearing and on June 27, 2015, an administrative hearing was held before Administrative Law Judge Stephen C. Calvarese (the "ALJ"). (Tr. 37-68). On June 27, 2015, the ALJ rendered his decision finding Plaintiff not disabled. (Tr. 23-30). Plaintiff requested review of the decision, but the Appeals Council denied review on January 19, 2017. (Tr. 1-3). Plaintiff initiated this action by Complaint (Doc. 1) on March 8, 2017.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision

applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Sbpt. P. App. 1. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §

1520(a)(4)(iv), 20 C.F.R. § 1520(f) . If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to Claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

C.   **The ALJ's Findings**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 12, 2012, the alleged onset date. (Tr. 25). At step two, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis as well as degenerative disc disease of the cervical and lumbar spine. (Tr. 25). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) with the ability to sit, stand, and walk up to 6 hours each during an 8-hour workday; no climbing of ladders/ropes/scaffolds and no crawling; and occasional climbing, balancing, stooping, kneeling, crouching, or crawling." (Tr. 26). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a policy holder information clerk, as this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 29). The ALJ concluded that Plaintiff was not under a disability at any time from October 12, 2012, the alleged onset date, through June 27, 2015, the date of the ALJ's decision. (Tr. 30).

## II. Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to articulate good cause for rejecting the opinion of Dr. Rehman, Plaintiff's treating pain management physician; and (2) whether the ALJ's RFC assessment fails to properly take into account the decline in Plaintiff's condition after her surgery and fails to address her need for an assistive device after her surgery. The Court will address each issue in turn.

**a) Whether the ALJ erred by failing to articulate good cause for rejecting the opinion of Dr. Rehman, Plaintiff's treating pain management physician.**

In his decision, the ALJ addressed Dr. Rehman's opinion as follows:

> On June 2, 2015, Dr. Rehman completed a Medical Source Statement of Ability to do Work Related Activities (Physical) indicating that the claimant was not capable of performing a sedentary desk job on a full-time basis, noting that she needed to be able to shift positions at least every 15-30 minutes due to chronic lumbar pain stemming from her degenerative disc disease which was not really improved much with surgery. He opined that she should limit her lifting to five pounds and he expected that exacerbations of pain would cause her to miss work on an unexpected basis at least two to four times per month. He stated that she could only sit for 20 to 30 minutes at a time or a total of 2 to 4 hours; stand 15 minutes

> at a time or 1 to 3 hours total; and must shift positions every 30 minutes as needed (Exhibit 27F/2). He further opined that the claimant's pain limited her ability to sustain concentration, especially on anything more than simple tasks. Dr. Rehman stated that he based his opinions on the claimant's symptoms and his objective findings during the physical and neurological examinations. (Exhibit 27F)
>
> Controlling weight is assigned to treating source opinions only when the treating source's opinion on the issues of the nature and severity of the claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record (20 CFR 404.1527(d)(2); SSR96-2p). The undersigned notes the aforementioned assessment of Dr. Rehman and concludes that his opinion is not well supported by medically acceptable techniques and is inconsistent with the other substantial evidence in the record. Moreover, Dr. Rehman's treatment notes only reveal subjective complaints with normal physical examinations (Exhibits 11F/4, 7, 10, 13, 16, 19, 27; 14F/4, 7, 10, 13, 16, 19, 22, 25, 33; 15F/3, 6, 9; 16F/4, 7, 10, 13, 16, 19, 22, 25, 28, 36; 17F/21, 24, 29, 35).

(Tr. 28-29).

Plaintiff argues that the ALJ erred by failing to provide good cause for rejecting Dr. Rehman's opinion. Plaintiff contends that the first two reasons given by the ALJ for rejecting Dr. Rehman's opinion (i.e., that the opinion was not well supported and inconsistent with other substantial evidence) were generic statements that lack the requisite specificity to meet the requirement of good cause. (Doc. 15 p. 23). In addition, Plaintiff argues that while the ALJ cited to specific progress notes in support of his third reason for rejecting Dr. Rehman's opinion, these progress notes were from 2012 and 2013, and do not reflect Plaintiff's progressive decline through 2014 and 2015. (Doc. 19 p. 15-16).

In response, Defendant argues that ALJ properly rejected Dr. Rehman's opinion because it was not supported by and was inconsistent with other substantial evidence in the record. (Doc. 21 p. 11). Defendant argues that the ALJ specifically cited to Dr. Rehman's treatment notes, which documented normal physical examinations despite Plaintiff's subjective complaints. (Doc. 21 p.

11). Defendant argues that while the ALJ did not cite to records dated after 2013 in his discussion of Dr. Rehman's opinion, the ALJ discussed them elsewhere in the decision. Thus, according to Defendant, the ALJ considered Plaintiff's condition as a whole and he did not need to cite to every piece of evidence. (Doc. 21 p. 12).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has held that good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* Where an ALJ articulates specific reasons for failing to accord the opinion of a treating or examining physician controlling weight and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

In this case, the Court finds that the ALJ failed to provide good cause for rejecting the opinion of Dr. Rehman. Despite rejecting Dr. Rehman's opinion on the basis that it was

inconsistent with other substantial evidence and not supported by medically acceptable techniques, the ALJ failed to cite to any evidence supporting this finding. Contrary to the ALJ's finding, Plaintiff cites to the record showing that Dr. Rehman's opinion is supported by the record. For example, the record shows that by early 2014, Dr. Rehman's progress notes indicated Plaintiff had an antalgic gait pattern when walking and with hips and shoulders not balanced and with secondary truncal listing. (Tr. 873, 878, 866). The left sacroiliac joint complex was tender to palpation. She received injections for pain. (Tr. 875). She was treated with injections, pain medications and testing. Her pain was not resolved from injections for a sustained basis. Tr.872. She was set up for lumbar spine surgery with Dr. Ero in mid-2014. (Tr. 869).

Further, the record shows that on April 22, 2014, Dr. Ero treated Plaintiff. (Tr. 904-906). MRI of the lumbar spine results from April 17, 2014 showed some progressive disease. (Tr. 907-908). She was diagnosed with lumbar degenerative disc disease with disc osteophyte complex more severe at L4-5 with associated left lateral recess stenosis, lumbar spondylosis, and L5-S1 degenerative disease with facet arthropathy. Due to failure of non-operative treatment, she was advised by Dr. Ero for a lumbar fusion. (Tr. 906). The progress note was copied to Dr. Rehman. Dr. Ero is an orthopedic surgeon and his progress note also supports Dr. Rehman's opinion. If Dr. Ero did not think Plaintiff needed the surgery, he would not have performed the surgery. On June 12, 2014, Plaintiff underwent a posterior lumbar interbody fusion and posterolateral fusion L4-5 using a bone graft insertion of cage for fusion L4-5, decompressive bilateral laminectomy at L5-S1, and aspiration of bone marrow for fusion. (Tr. 280-282). Her post-operative diagnoses were lumbar degenerative disease, multilevel with stenosis L4-S1, and lumbar spondylolisthesis at L5. (Tr. 280-82).

Dr. Rehman continued to treat Plaintiff from June 2014 through December 2014. (Tr. 1072-1074, 1130-1163). On June 24, 2014, she reported increased pain after spinal fusion. (Tr. 1160-163). She woke up at night due to her pain. She was told to stop Dilaudid and was prescribed Norco and Baclofen. (Tr. 1160-163). She needed a walker for ambulation due to a combination of deconditioning and balance issues. (Tr. 1161). On July 16, 2014 she rated her low back pain as a seven out of ten. (Tr. 1156-1159). She had an antalgic gait pattern and needed an assistive device for ambulation. Her hips and knees were not at the same level and they had secondary truncal listing. (Tr. 1157). Plaintiff continued to report left shoulder pain and low back pain in October and December 2014. (Tr. 1051-1053, 1140-1143). Plaintiff reported she was using a cane due to her pain. She was told to stop the Norco and was changed to Percocet and Oxycodone. (Tr. 1051-1053, 1140-1143). October 2014 progress notes revealed a positive left impingement sign; her suprascapular notch was tender to palpation; positive MRI/CT studies, and her medications working poorly. (Tr. 1146-1148).

Dr. Rehman's records and opinion are corroborated by December 2014 progress notes of Dr. Manohar, an orthopedist at the Naval Hospital, who was evaluating Plaintiff for her shoulder. (Tr. 1221-1222). Dr. Manohar observed that Plaintiff ambulated with a stooped over and slow gait pattern and left shoulder abduction and external rotation was quite painful past 120 degrees. She was diagnosed with left shoulder impingement and rotator cuff tendonitis and was told to continue in physical therapy. (Tr. 1221-1222). In February 2015, Dr. Rehman again observed that Plaintiff had an antalgic gait pattern and needed an assistive device for ambulation. (Tr. 1131).

Thus, contrary to the ALJ's statement that Dr. Rehman's opinion were inconsistent with other substantial evidence and not supported by medically acceptable techniques, the record shows

significant evidence to the contrary. Plaintiff's unsupported statements do not constitute good cause for rejecting Dr. Rehman's opinion.

In addition, the Court finds that the ALJ's third reason for rejecting Dr. Rehman's opinion does not constitute good cause. Although the ALJ specifically cited to Plaintiff's medical record, to support his conclusion that Dr. Rehman's treatment notes "only reveal subjective complaints with normal physical examinations," he cited only to evidence dated 2013. As discussed above, there is significant medical evidence in the record between 2013 and the June 2015 when Dr. Rehman offered his opinion. It is unclear if this subsequent evidence, closer to Dr. Rehman's opinion can fairly be described as notes showing only subjective complaints and normal physical examinations. Defendant contends that because the ALJ discussed these records earlier in his opinion that it is clear he considered them in rejecting Dr. Rehman's opinion. As the ALJ described, however, these notes show that Plaintiff complained of increased pain after surgery and that the surgery did not provide long-term pain relief, but that medication was helpful in decreasing this pain. Without further analysis, however, it is unclear how such evidence undermines the Dr. Rehman's opinion.

As a treating physician Dr. Rehman's opinion was entitled to great weight unless the ALJ provided good cause for rejecting the opinion. Here, the ALJ failed to provide the requisite good cause for rejecting the opinion and remand is necessary. On remand, the ALJ is directed to re-evaluate the medical evidence from Dr. Rehman and provide a thorough analysis, explaining in detail his finding concerning the appropriate weight of Dr. Rehman's opinion, and conduct any further proceedings as necessary.

b) **Whether the ALJ's RFC assessment fails to properly take into account the decline in Plaintiff's condition after her surgery and fails to address her need for an assistive device after her surgery.**

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because the ALJ failed to take into account that Plaintiff's condition declined in 2014 and failed to address Plaintiff's usage of an assistive device to ambulate. (Doc. 19 p. 19-22). As the ALJ's re-evaluation of Dr. Rehman's opinion may alter the ALJ's analysis of the rest of the record, including Plaintiff's RFC, the Court defers from addressing these issues at this time.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties